## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ADEDAYO OLUWAKAYODE ADEKSON, | * |
| Plaintiff, | * |
|  | * |
| v. | * |
|  | * |
| COMCAST CABLE COMMUNICATIONS, LLC, | * |
|  | * |
| Defendant. | * |

Civil No. 25-1660-BAH

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

This memorandum and order addresses two motions filed by Plaintiff Adedayo Oluwakayode Adekson ("Plaintiff"). First, Plaintiff filed a motion for "limited relief to facilitate arbitration." ECF 29. Defendant Comcast Cable Communications, LLC ("Defendant" or "Comcast") filed an opposition, ECF 31, and Plaintiff filed a reply, ECF 32. Second, Plaintiff filed a motion for "interim production and preservation of account data." ECF 33. The Court finds that the pending motions can be decided on the papers, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, Plaintiff's motions, ECF 27 and ECF 33, are **DENIED**.

On February 10, 2026, the Court granted Defendant's motion to compel arbitration and stayed this action pending arbitration. ECF 27 (memorandum opinion); ECF 28 (order). In Plaintiff's motion for "limited relief to facilitate arbitration," Plaintiff requests that the Court lift the stay and authorize the issuance of a Rule 45 subpoena[1] to obtain the identities of Plaintiff's

---

[1] "Rule 45 of the Federal Rules of Civil Procedure governs subpoenas issued to third parties." *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 452 (E.D.N.C. 2005).

former neighbors, who Plaintiff contends conspired with Defendant to interfere with his internet signal. ECF 29, at 1–2.

"When contracting parties stipulate that disputes will be submitted to arbitration, they relinquish the right to certain procedural niceties which are normally associated with a formal trial." *Burton v. Bush*, 614 F.2d 389, 390 (4th Cir. 1980) (citations omitted). "One of these accoutrements is the right to pre-trial discovery. While an arbitration panel may subpoena documents or witnesses ... the litigating parties have no comparable privilege." *Id.* (citation modified). "The subpoena powers of an arbitrator are limited to those created by the express provisions of the [Federal Arbitration Act ("FAA")]." *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 275 (4th Cir. 1999). The FAA provides, in relevant part, that "arbitrators . . . may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material . . . ." *Id.* (quoting 9 U.S.C. § 7). The FAA, however, does not grant an arbitrator "the authority to demand that non-parties provide the litigating parties with documents during pre-hearing discovery." *Id.* The Fourth Circuit has "contemplated that a party might, under unusual circumstances, petition the district court to compel pre-arbitration discovery upon a showing of special need or hardship." *Id.* at 276 (citing *Burton*, 614 F.2d at 391). Although the court has declined to expressly define "special need," it "observe[d] that at a minimum, a party must demonstrate that the information it seeks is otherwise unavailable." *Id.*

Plaintiff argues that extraordinary circumstances exist to warrant pre-arbitration discovery and cites to *Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473 (4th Cir. 1999), in support of this argument. ECF 29, at 2. In *Deiulemar*, the Fourth Circuit

considered whether the district court abused its discretion by granting a Rule 27 subpoena[2] in aid of arbitration. *Deiulemar*, 198 F.3d at 479. There, the court explained that "some lower courts . . . allow discovery in aid of arbitration where a movant can demonstrate extraordinary circumstances, such as where a vessel with crew members possessing particular knowledge of the dispute is about to leave port, or where there is a special need for information which will be lost if action is not taken immediately." *Id.* (citation modified). The court found that the movant, Deiulemar, adequately demonstrated extraordinary circumstances to obtain a Rule 27 subpoena because Deiulemar "sought evidence from a ship that was soon leaving United States waters," "requested perpetuation of evidence that, if not preserved, was going to disappear or be materially altered," and because "[t]he evidence that Deiulemar sought was necessary to its arbitration claim and Deiulemar was reasonably uncertain whether it could timely preserve the evidence outside the district court." *Id.* at 481. The Fourth Circuit also explained that its holding in *Deiulemar* was confined to "Rule 27 perpetuation in the specific circumstances" raised in that case, and that the court would "leave for future determination the proper scope of the 'special need' exception as it applies to other forms of discovery in aid of arbitration." *Id.* at 481 n.10.

Although the Fourth Circuit's holding in *Deiulemar* does not necessarily extend to Rule 45 subpoenas in aid of arbitration, Defendant argues that the case "illustrates just how narrow [the extraordinary circumstances] exception is." ECF 31, at 6. The Court agrees with Defendant and finds *Deiulemar* instructive. In support of his request for a Rule 45 subpoena, Plaintiff contends that "the records of these current and/or former tenants may be archived or destroyed." ECF 29, at 2. But beyond this speculation, Plaintiff fails to establish that the evidence sought is "going to

---

[2] "Rule 27(a) of the Federal Rules of Civil Procedure authorizes pre-complaint perpetuation of testimony and evidence to 'prevent a failure or delay of justice.'" *In re Olam Mar. Freight, PTE. LTD.*, 809 F. Supp. 3d 284, 294 (D. Md. 2025) (quoting Fed. R. Civ. P. 27(a)(3)).

3

disappear or be materially altered." *See Dieulemar*, 198 F. 3d at 481. Moreover, Plaintiff fails to show that the information he seeks is "necessary to [his] arbitration claim." *Id.* As Defendant points out, Plaintiff's claims are against Comcast only. ECF 31, at 7. Plaintiff asserts that he seeks his former neighbors' "data to ascertain the extent of the Defendant's potential connivance and complicity" with them. ECF 29, at 1–2. But Plaintiff's request does not explain why this evidence is necessary to resolve his claim against *Comcast*. *Cf. In re Cotton Yarn Antitrust Litig.*, 505 F.3d 274, 286 (4th Cir. 2007) (finding unpersuasive plaintiffs' argument opposing arbitration on the ground that a lack of third-party discovery from co-conspirators would prevent plaintiffs from proving antitrust claims). In sum, the Court is unpersuaded that Plaintiff has shown any special need for a Rule 45 subpoena in aid of arbitration. Plaintiffs' motion "for limited relief to facilitate arbitration," ECF 29, is DENIED.

Plaintiff also moves for an order "directing the Defendant to preserve and produce all data and information associated" with Plaintiff and his mother's Xfinity accounts. ECF 33, at 1. Specifically, Plaintiff contends that "there is a substantial risk that Defendant may automatically purge, archive or destroy this electronic data pursuant to standard retention policies." *Id.* at 2. To the extent Plaintiff requests an order preserving potentially discoverable material, there is "no need for such an order because [Defendant] is already under a duty to preserve material evidence." *Malibu Media, LLC v. Doe*, Civ. No. TDC-15-1042, 2016 WL 593502, at *1 (D. Md. Feb. 12, 2016) (citing *Silvestri v. General Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001)). Moreover, this dispute has been compelled to arbitration, and "[a] hallmark of arbitration—and a necessary precursor to its efficient operation—is a limited discovery process." *COMSAT*, 190 F.3d at 276. Plaintiff may not make an end-run around the limited discovery process of arbitration based on a speculative claim that Defendant may destroy purportedly discoverable evidence that it is required

4

to preserve.  Accordingly, Plaintiff's motion for "interim production and preservation of account data," ECF 33, is DENIED.

For these reasons, it is this 14th day of May, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1) Plaintiff's motion for limited relief to facilitate arbitration, ECF 29, is DENIED;

2) Plaintiff's motion for interim production and preservation of account data, ECF 33, is DENIED; and

3) This action remains STAYED, and the parties are directed to file a joint status report by the deadline set in the order at ECF 28.

Dated: May 14, 2026

/s/
Brendan A. Hurson
United States District Judge

5